# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JAMES E. STOVER,**
**Claimant Below, Petitioner**

**FILED**
**November 18, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-55        (JCN: 2019023164)**

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James E. Stover appeals the August 5, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Division of Highways filed a timely response.[1] The issue on appeal is whether the Board erred in affirming the claim administrator's decision to grant petitioner an additional 5% permanent partial disability award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the instant proceedings, petitioner was granted a 15% permanent partial disability award due to occupational pneumoconiosis, with a date of last exposure listed as December 31, 1999.[2] In November of 2018, petitioner underwent a pulmonary function study performed by Daniel Doyle, M.D., which revealed "very severe obstruction" and "mild restriction." As a result, A. Mirza, M.D., another doctor in Dr. Doyle's practice, completed a Physician's Report of Occupational Pneumoconiosis and diagnosed petitioner with "occupational lung disease." By order dated May 7, 2019, the claim administrator denied the claim as compensable. Petitioner protested the order, and by decision dated February 27, 2020, the Office of Judges reversed the claim administrator's order, held the claim compensable on a nonmedical basis pursuant to West Virginia Code § 23-4-8c(b)

---

[1] Petitioner is represented by Reginald D. Henry, Esq. Respondent is represented by Alysia Kozlowski, Esq.

[2] The date of petitioner's prior 15% permanent partial disability award is not apparent from the record on appeal.

1

(2009), and ordered that petitioner be referred to the Occupational Pneumoconiosis Board for examination.

In September of 2020, the Occupational Pneumoconiosis Board found that there was sufficient medical evidence to justify a diagnosis of occupational pneumoconiosis based upon pulmonary impairment findings and attributed 20% impairment to occupational pneumoconiosis. Accordingly, the claim administrator granted petitioner an additional 5% permanent partial disability award by order dated November 1, 2020. Petitioner protested the order.

An initial hearing regarding the Occupational Pneumoconiosis Board's findings was held in February of 2021. The Occupational Pneumoconiosis Board concluded that petitioner had no more than 20% impairment due to occupational pneumoconiosis. Jack Kinder, M.D. testified that petitioner had a history of forty-five years of dust exposure, but that petitioner also had a significant smoking history of one pack per day for thirty-five years and that his clinical, radiographic, and historical findings were suggestive of smoking induced lung disease, leading the Occupational Pneumoconiosis Board to find that only 20% impairment was due to occupational pneumoconiosis.

In April of 2021, Dr. Doyle examined petitioner and performed a review of his medical records. Dr. Doyle opined that, although smoking had contributed to petitioner's impairment, he had a 40% impairment due to occupational pneumoconiosis. Further, Charles Porterfield, D.O., through his nurse practitioner, authored a letter indicating that if petitioner were to have continued exposure to fumes, chemicals, dust, extreme temperature changes, or exertional duties, his breathing status would be complicated and could lead to hospitalization or death.

A final hearing on the Occupational Pneumoconiosis Board's findings was held in June of 2022. Dr. Kinder testified that he disagreed with Dr. Doyle's assessment that petitioner had a 40% impairment due to occupational pneumoconiosis. Dr. Kinder maintained that petitioner's impairment due to occupational pneumoconiosis was 20%.

By order dated August 5, 2022, the Board found that the Occupational Pneumoconiosis Board's findings were not clearly wrong in light of the evidence of record and affirmed the claim administrator's grant of an additional 5% permanent partial disability award. Petitioner now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

2

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, petitioner argues that the lower tribunals erred in adopting the whole person impairment rating assigned by the Occupational Pneumoconiosis Board. According to petitioner, Dr. Doyle's impairment rating was more accurate as Dr. Doyle examined him, personally observed his impairment, considered his smoking history, and attributed an additional 20% whole person impairment to occupational pneumoconiosis. Petitioner avers that the Occupational Pneumoconiosis Board ignored extensive evidence of his dust exposure and Dr. Porterfield's letter explaining his health restrictions regarding continued dust exposure. Petitioner argues that Dr. Kinder from the Occupational Pneumoconiosis Board also stated that petitioner suffered a higher impairment due to occupational exposure, yet the Occupational Pneumoconiosis Board ignored "substantial evidence pointing to the fact that [petitioner's] extensive work exposure to heavy dust caused a large portion of his lung impairment" and wrongfully attributed his impairment to smoking. As such, petitioner argues that the Board erred in accepting the Occupational Pneumoconiosis Board's recommendation and affirming the claim administrator's grant of an additional 5% permanent partial disability award.

Upon our review, we agree with the conclusions of the Board. West Virginia Code § 23-4-6a (2005) provides that the Occupational Pneumoconiosis Board's decision shall be affirmed "unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Here, petitioner failed to demonstrate that the Occupational Pneumoconiosis Board's decision was clearly wrong. While petitioner presented Dr. Doyle's report and the letter of Dr. Porterfield to contest the Occupational Pneumoconiosis Board's findings, the Occupational Pneumoconiosis Board, having reviewed petitioner's evidence, maintained that petitioner was only entitled to 20% whole person impairment rating due to occupational pneumoconiosis. Based on the foregoing, we find that petitioner has failed to demonstrate that the Board erred in finding that the Occupational Pneumoconiosis Board's findings are not clearly wrong or in affirming the claim administrator's grant of an additional 5% permanent partial disability award.

Accordingly, we affirm.

3

Affirmed.

**ISSUED:** November 18, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen